J-S65025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALBERTO MERCED | |
| Appellant | No. 296 EDA 2014 |

Appeal from the PCRA Order December 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015128-2008

BEFORE: PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 23, 2014**

Appellant, Alberto Merced, appeals from the order entered on December 30, 2013, dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The PCRA court set forth the applicable facts and procedural history of this case as follows:

> On June 22, 2010, [Appellant], who is no longer incarcerated, entered a negotiated guilty plea to the first-degree felonies of aggravated assault and criminal conspiracy[. The trial court] imposed the negotiated sentence of three to eight years' imprisonment followed by four years' probation "to be served at the same time as any other sentence" he was then serving, "with credit for any time served." [The trial court] was clear in explaining to [Appellant] that the sentence was to commence "starting from today," the day he was sentenced. In his [counseled] [a]mended [PCRA] petition, [Appellant] claims his sentence illegally violates his right to due process because the Department of Corrections ("DOC") did not calculate his time credit correctly in light of [the trial court's] order that

*Retired Senior Judge assigned to the Superior Court.

the sentence be served concurrently. He also claims that the court commitment paperwork sent to the DOC failed to reflect the order for a concurrent sentence. [Appellant] believes he is entitled to relief in the form of a credit from June 2, 2009, the start of a previous sentence, through the date of his guilty plea and sentencing on this case on June 22, 2010.

\* \* \*

On June 22, 2011, [Appellant] filed a PCRA petition *pro se*. Elayne C. Bryn, Esquire, was appointed as his counsel. On December 4, 2012, Ms. Bryn filed an amended PCRA petition on his behalf, raising essentially the same issues. [The PCRA court] dismissed the petition on December 30, 2013, as having no merit. [Appellant] timely filed a notice of appeal on January 28, 2014. On February 18, 2014, [Appellant] timely filed, pursuant to the [PCRA court's] order, a concise statement of the errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b)(1), articulating the same issues raised in the PCRA petitions. [The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 28, 2014.]

PCRA Court Opinion, 2/28/2014, at 1-2, 4 (record citations omitted).

On appeal, Appellant presents the following issue for our review:

I. Whether the PCRA court erred in denying [A]ppellant [PCRA] relief because the Pennsylvania [DOC] did not give him credit for time that he spent incarcerated prior to his guilty plea.

Appellant's Brief at 3.

In his sole issue presented, Appellant claims "he should be given credit [for] time he spent incarcerated from June 2, 2009 through June 22, 2010[,]" the "time that he spent incarcerated prior to his guilty plea" in this case. *Id.* at 7. More specifically, he claims that on the day he "was sentenced in this matter, he was serving a sentence for [another criminal

case before a different judge] that was imposed on June 2, 2009." **Id.** at 5. Appellant claims that the official court document, Court Commitment Form DC-330B, sent to the DOC setting forth the sentence imposed by the trial court did not accurately reflect that Appellant "should serve this sentence concurrently with the sentence that he was then serving[.]" **Id.** Appellant also suggests that Form DC-330B listed the wrong attorney of record. **Id.** at 10. Appellant avers that "[u]nder state law, the Court of Common Pleas has the power to issue and amend Form DC-330B; the [DOC] does not." **Id.** at 7. Thus, Appellant argues "the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence." **Id.** In essence, Appellant is arguing that he is entitled to credit for the time he spent incarcerated from the date of the imposition of sentence in the unrelated case, on June 2, 2009, until he pled guilty in this matter, on June 22, 2010.

Initially, we note that Appellant's claim is properly before us. "If the alleged error [in computing credit for time served] is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." **Commonwealth v. Perry**, 563 A.2d 511, 512-513 (Pa. Super. 1989) (internal citation omitted). "It [i]s only when the petitioner challenges the **legality** of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [i]s

deemed cognizable as a due process claim in PCRA proceedings." ***Id.*** (citation omitted; emphasis in original). Here, Appellant claims that the trial court failed to award credit for time served by failing to specify whether his current sentence was to be served concurrently with other sentences he was already serving.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.***

Applicable herein, Pa.R.Crim.P. 705 states as follows:

    (A)    When imposing a sentence to imprisonment, the judge shall state the date the sentence is to commence.

    (B)    When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.

Pa.R.Crim.P. 705.

With regard to credit for time-served, a trial court is statutorily mandated to give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

\* \* \*

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760.

"In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." **Commonwealth v. Borrin**, 80 A.3d 1219, 1226 (Pa. 2013). Moreover, "[f]orm DC–300B is a commitment document generated by the Common Pleas Criminal Court Case Management System." **Commonwealth v. Heredia**, 97 A.3d 392, 394 n.3 (Pa. Super. 2014), *citing* 37 Pa.Code § 96.4; 42 Pa.C.S.A. § 9764. "Section 9764 of the Judicial Code sets forth the procedure associated with transfer of an inmate into DOC custody and provides that, on commitment of an inmate, the transporting official must provide the DOC with a copy of the trial court's sentencing order and a copy of the DC–300B commitment form." **Heredia**, 97 A.3d at 394 n.3, *citing* 42 Pa.C.S.A. § 9764(a)(8).

Herein, the PCRA court determined:

At the time [Appellant] was sentenced in this case, he was already serving concurrent sentences of two to four years' imprisonment, followed by five years' probation, imposed by another judge of [the Philadelphia County Court of Common Pleas] on June 2, 2009. At the sentencing hearing in this case, [the trial court] stated repeatedly that [Appellant's] sentence would commence on the day of sentencing and would commence on the day of the sentencing and would run concurrently with any other sentences he was then serving with any **available** time credit to be applied. The [trial court] said it understood that [Appellant] wanted to enter a "negotiated plea where the Commonwealth has agreed to drop all other charges and recommend a sentence of three to eight years followed by four years reporting probation **with this sentence to run at the same time as any other sentence that you're currently serving**." Referring to the sentence about to be imposed, the [trial court] explained that "**starting from today, it would be served at the same time as your other sentence**." [Appellant] said, "It's my understanding that since it's being run together that the three to eight will overlap two to four." The [trial court] clarified to [Appellant], "They would overlap but not completely." The [trial court] further explained, "What my sentence would say, if I accepted the negotiations, is that you would get three to eight years followed by four years reporting probation **to be served at the same time as any other sentence you're currently serving**." The [trial court] again explained that "**starting from today** at least three to eight years would be served at the same time as your other sentence. ... How they calculate what went to your other case and what goes to this case is something that they do elsewhere. … Do you understand that?" [Appellant] answered, "Yes, I understand it." The [trial court] again stressed,

"I want to make sure that he knows what's going to happen and that **you're not expecting that you have a whole several years of back time that**

> **are going to be credited**.   But **starting from today**, it will be three to eight years and there may be some credit that they credit towards this case. Do you understand that?"

[Appellant] replied, "Yes."

PCRA Court Opinion, 2/28/2014, at 3-4 (record citation omitted; emphasis in original).  Moreover, the PCRA court noted, "Court Commitment Form, DC-300B, clearly states on page 2, "Sentence to run concurrent with any other." ***Id.*** at 4.

Here, upon review, the certified record reflects that the trial court's sentencing order expressly stated that Appellant's sentence was "to run concurrent **with any other**" and unambiguously granted him "credit for any time served."  Trial Court Sentencing Order, 6/22/2010, at 1 (emphasis added).   Likewise, the accompanying DC-300B form attached to the sentencing order, as contained in the certified record, contains identical language.  ***See*** Form DC-330B, 6/22/2010, at 2.  Thus, the sentencing order and accompanying form clearly expressed that Appellant's challenged sentence was to run concurrent to any other sentences he was currently serving.  There is no dispute that Appellant was serving another sentence at the time the trial court entered the sentencing order in this case. The sentence in contention here commenced on the date the sentencing order was issued, June 22, 2010.  Pa.R.Crim.P. 705(b).  Moreover, the PCRA court noted that "the period from June 2, 2009, to June 22, 2010, was already credited to his earlier cases[.]"  PCRA Court Opinion, 2/28/2014, at 6, *citing* DOC Form DC16E – Sentence Status Summary, 7/14/2010.  Appellant is not

entitled to time "credited against another sentence." 42 Pa.C.S.A. § 9760(4). Accordingly, for all of the foregoing reasons, Appellant's disputed sentence was legal.[1] Hence, we discern no error of law or abuse of discretion in denying Appellant PCRA relief. Thus, Appellant's sole claim lacks merit.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014

---

[1] We summarily reject Appellant's claim that listing the mistaken trial counsel on Form DC-330B somehow affected the legality of his sentence.