563 A.2d 511

**COMMONWEALTH of Pennsylvania**

v.

**Admiral PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 6, 1989.

Filed Aug. 17, 1989.

Bernard Turner, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before DEL SOLE, KELLY and HESTER, JJ.

KELLY, Judge:

Appellant's sole contention on appeal is that the trial court erred in dismissing his Post Conviction Relief Act (PCRA)[1] petition which alleged that the Bureau of Corrections had erred in the calculation of his credit for time served. We agree that a PCRA petition is not the proper vehicle for appellant to raise this challenge, and affirm the order of the trial court.

### Facts and Procedural History

On October 8, 1975, appellant was convicted of rape and burglary. He was sentenced to a term of imprisonment of eighteen to thirty-six months on the rape conviction and a consecutive five year term of probation on the burglary charge. On February 1, 1981, while still on probation, appellant was arrested and charged with murder and related offenses arising from the brutal beating death of a 78–year–old woman in her Philadelphia home. On February 2, 1982, a jury trial resulted in appellant's conviction of third degree murder, robbery and burglary. Before sentencing on those convictions, appellant was determined to have violated his probation on his 1975 burglary conviction, probation was revoked, and he was sentenced to a five to ten year term of imprisonment. He was subsequently sentenced to an aggregate term of fifteen to thirty years imprisonment on the third degree murder, robbery, and burglary convictions. His conviction and the revocation of

---

1. *See* PCRA, 42 Pa.C.S.A. § 9541 *et seq., superceding* PCHA, 42 Pa.C. S.A. § 9541 *et seq.* The new PCRA applies to all petitions filed on or after April 13, 1988. The instant petition was filed June 21, 1988.

probation were separately appealed to this Court and separately affirmed.

In this appeal, appellant alleges that in November of 1985, he sent an inmate's request slip to the Chief Record's Officer informing him of an alleged miscalculation of appellant's sentence and received the following reply:

If you feel there is credit coming to the detainer sentences, you will have to get it from the Court and have the Court send it to me. I cannot go by your copy of Court papers. The record will stand unless the Court notifies me differently.

(Appellant's *Pro Se* Answer to Counsel's Petition to Withdraw, at 1). Appellant asserts further that a praecipe to the clerk of the court of common pleas, directing the clerk to correct the alleged miscalculation, was ignored. *Id.*

Appellant then filed, on June 21, 1988, a PCRA petition seeking correction of the alleged miscalculation. The trial court dismissed the petition without appointing counsel and without a hearing; but, counsel was appointed to represent appellant on appeal. Appellate counsel has filed a petition to withdraw and an *Anders* brief in which he summarizes the factual and procedural history of the case, indicates the absence of any nonfrivolous issues to raise, and asserts that the sole issue which appellant seeks to raise is not cognizable *via* a PCRA proceeding. Appellant has responded with a *pro se* answer to counsel's petition in which he asserts that he has been placed in a Catch–22 situation with both the trial court and the Bureau of Corrections informing him that he must seek redress from the other, and that his claim for time served is cognizable pursuant to our prior decision in *Commonwealth v. Walker*, 286 Pa.Super. 239, 428 A.2d 661 (1981). We cannot agree.

I. *Challenge to the Bureau of Corrections' Computations*

■ Appellant contends that the Bureau of Corrections records are in error. If the alleged error is thought to be the result of an erroneous computation of sentence by the

Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. *See Wilson v. Commonwealth, Bureau of Correction,* 85 Pa.Cmwlth. 32, 33–34, 480 A.2d 392, 393 (1984). If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed. *See Commonwealth v. Isabell,* 503 Pa. 2, 10, 467 A.2d 1287, 1291 (1983).

■ It was only when the petitioner challenges the *legality* of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence was deemed cognizable as a due process claim in PCRA proceedings. *See Commonwealth v. Walker, supra.* A challenge to the Bureau of Correction's computations or construction of the terms of sentences imposed is neither a direct nor even a collateral attack on the sentences imposed; and so, such claims were not deemed cognizable in PCHA proceedings. *See Commonwealth v. Isabell, supra,* 467 A.2d at 1291. Because appellant has not challenged the trial courts' sentences, but has challenged the Bureau of Correction's computations or construction of the sentences, it is unnecessary to determine whether the analysis in *Commonwealth v. Walker, supra,* applies to actions brought under the new PCRA. It is enough, for the present, to note that a challenge to a Bureau of Corrections' computation or construction of a sentence (or sentences) imposed may not be brought by a PCRA petition. *See* 42 Pa.C.S.A. §§ 9543(a), 9545(b).

## II. *Appointment of Counsel in PCRA Proceedings*

Under Pa.R.Crim.P. 1503, as currently in effect, every indigent petitioner is entitled to have counsel appointed to represent them in PCRA proceedings, unless the same issue was finally determined against the petitioner in a previous counselled proceeding. *See* Pa.R.Crim.P. 1504. "The point

in time at which a trial court may determine that a PCHA petitioner's claims are frivolous or meritless is *after* the petitioner has been afforded a full, fair, and counselled opportunity to present those claims." *Commonwealth v. Harris*, 381 Pa.Super. 206, 214–15, 553 A.2d 428, 433 (1989) (emphasis in original, citing cases). There is no exception to the rule requiring appointment of counsel for situations when the *pro se* petition fails to state a claim cognizable in PCRA proceedings.

■ This construction of the current rule is supported by the Supreme Court's more plainly expressed intent in the new rules promulgated February 1, 1989, which take effect July 1, 1989. Under the new rules *the trial court* is required to indicate the nature of any defects in the original *pro se* petition, and must provide counsel appointed to assist the petitioner with a [reasonable] period of time in which to file a written amended petition curing the defects. Pa.R. Crim.P. 1505(b-d) (adopted 2/1/89, effective 7/1/89). Thus, under the new rules, defects in the original *pro se* petition would not warrant dismissal without appointment of counsel. Rather, it is only on second and subsequent PCRA petitions that the new rules render the appointment of counsel discretionary with the trial court. Pa.R.Crim.P. 1504(b & c) (adopted 2/1/89, effective 7/1/89).[2] Hence, we

---

**2.** It should be noted that there is a reason for appointing counsel even when the initial *pro se* PCRA petition raises noncognizable or frivolous claims. If such petitions are dismissed without appointment of counsel or a hearing, then subsequent petitions would have to still be treated as first "counselled" petitions, and the process could be repeated with *pro se* petitions filed *ad nauseum,* clogging up the system, and delaying review of petitions with arguable merit. *Cf. Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980) (the second PCHA petition should have been treated as a first counselled PCHA petition where appointed counsel for the first PCHA petition neither acted as advocate nor sought formal withdrawal on frivolity grounds). If, however, counsel were appointed when a first *pro se* PCRA petition is filed, counsel then would be able to assist the petitioner to separate the grain from the chaff and ensure the presentation of all arguable claims in a single petition, in a manner conducive to effective appellate review. *See Commonwealth v. Harris, supra.* Though prisoners may thereafter persist in filing additional repetitive *pro se* PCRA petitions, the fact of the prior counselled PCRA proceedings should enable trial courts to exercise their authority under new Pa.R.Crim.P.

conclude that the trial court erred in failing to appoint counsel to represent appellant prior to dismissing appellant's first *pro se* PCRA petition.

■ However, following the initial erroneous dismissal of the PCRA petition without appointment of counsel, present counsel was appointed. Counsel has filed a petition which asserts that he has reviewed the record and finds no non-frivolous issues which could have been raised in an amended petition. Counsel notes further that the sole issue which appellant seeks to raise is not properly cognizable in a PCRA proceeding. Finally, counsel informed appellant of his conclusions in an *"Anders* Brief" sent to appellant by counsel, and also informed appellant in the accompanying letter that appellant could hire counsel, seek appointment of new counsel, or present argument in support of his contention *pro se.*[3] Appellant then filed a *pro se* answer in opposition to appellate counsel's motion to withdraw, which asserted that a cognizable claim had been asserted in his *pro se* PCRA petition. Thus, despite the trial court's error in failing to appoint counsel to represent appellant prior to summarily denying the petition, counsel appointed to represent appellant on appeal has provided every protection which PCRA counsel at the initial stage could have provided. *Cf. Commonwealth v. Turner, supra* at n. 3.

■ The United States Supreme Court has declared that there is no federal constitutional right to counsel in collateral post conviction proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The

1504(b), 1507, and 1508 to dispose of such petitions with confidence and dispatch. Likewise, the fact of a prior counselled PCRA proceeding should enable the Commonwealth to exercise its discretion under new Pa.R.Crim.P. 1506 not to respond to PCRA petitions, thus freeing already overburdened prosecutorial resources for other more productive service. In this way, it is at least hoped, justice and efficiency may both be served to the benefit of all.

3. *But see Commonwealth v. Turner,* 518 Pa. 491, 495, 544 A.2d 927, 929 (1988) (when appointed counsel is properly permitted to withdraw on grounds of frivolousness, the petitioner may proceed "pro se, or by privately retained counsel, or not at all;" a request for *new* court-appointed counsel would no longer appear to be available in such cases).

new PCRA contains no statutory grant of a right to counsel. Thus, the right to counsel in PCRA proceedings as set forth in present Pa.R.Crim.P. 1503 and in Pa.R.Crim.P. 1504 (effective 7/1/89), is a creation of our Supreme Court not founded on federal constitutional or state legislative mandate.

Rather, the allowance of counsel to petitioners for post-conviction relief is based solely upon *procedural* rule adopted by our Supreme Court pursuant to Pa. Const. Article V, section 10, as a matter of administrative convenience. *See Court Rules*, 552 A.2d at XCVI (1989) ("IT IS ORDERED pursuant to Article V, Section 10 of the Constitution of Pennsylvania ..."). There was no suggestion in the order promulgating new Pa.R.Crim.P. 1504, or in *Commonwealth v. Turner, supra*, that there is any state *constitutional* basis for a right to counsel in collateral post-conviction relief proceedings, *i.e.* that Pa. Const.Art. 1, sect. 9 provides a greater right to counsel than U.S. Const.Amend. 6, as construed in *Pennsylvania v. Finley, supra.* Consequently, we see no reason why *procedural* defects by either a withdrawing attorney or the court granting withdrawal may not be dismissed as "not substantial" or "not prejudicial" in appropriate cases. *See Commonwealth v. Harris, supra.* Under the circumstances of this case, we see no reason to remand for the pointless and formalistic repetition of PCRA proceedings, when the outcome would nonetheless be a foregone conclusion. *Cf. Id.*

## Conclusion

Counsel's petition to withdraw as counsel is granted. The order of the trial court is affirmed without prejudice to appellant's right to pursue his challenge to the Bureau of Corrections' records by an original action in the Commonwealth Court, or by a writ of *habeas corpus ad subjiciendum* in the trial court.

DEL SOLE, J., files a concurring opinion.

DEL SOLE, Judge, concurring.

I concur in the result reached by the Majority in holding that the Post Conviction Relief Act is not the appropriate method of challenging the Bureau of Corrections' calculation of the defendant's credit for time served. Also, I join in permitting counsel to withdraw his appearance on behalf of the defendant.

I cannot join in the Majority's Opinion with regard to the discussion of the appropriate method for appointment of counsel in PCRA proceedings and for permitting counsel to withdraw since those issues are not before this Court as framed in the Majority Opinion.