**Kornicki v. Cherniack**

*Christopher Kornicki,* pro se.
*Matthew H. Fry* and *James W. Christie,* for appellee.

TERESHKO, *J.,* October 10, 2006—

## PROCEDURAL HISTORY

Plaintiff, Christopher Kornicki, appeals from this court's order dated July 12, 2006, which granted defen-

dant, Emily Cherniack's preliminary objections to plaintiff's complaint and dismissed the case with prejudice.

## FACTUAL BACKGROUND

On May 22, 1989, plaintiff pled guilty to two counts of indecent assault and corrupting the morals of minors. (Memo of law in support of preliminary objections to plaintiff's complaint, p. 2.) Plaintiff would later be arrested on new charges, as well as for technical violations of his probation. *(Id.)* In May 2000, the court found that plaintiff violated his probation and sentenced him to a term of seven to 14 years incarceration. *(Id.)*

On October 29, 2003, Attorney Cherniack was appointed to represent plaintiff. *(Id.)* Cherniack filed a Post Conviction Relief Act (PCRA) petition on behalf of plaintiff. *(Id.)* The trial court formally dismissed the PCRA petition and Cherniack filed an appeal of the order to the Superior Court on May 23, 2005 in order to preserve the plaintiff's right to pursue all of his issues. Plaintiff's request for recalculation of credit for time served is currently pending before the Superior Court.

Plaintiff filed this legal malpractice claim alleging that Attorney Cherniack was negligent because she did not raise the issue of credit for time served in plaintiff's PCRA petition. Defendant subsequently filed preliminary objections, along with her motion to determine preliminary objections. On July 12, 2006, the trial court ordered that Cherniack's preliminary objections were sustained and dismissed plaintiff's case with prejudice. Plaintiff

thereafter filed his notice of appeal on July 16, 2006 and timely issued his 1925(b) statement of matters complained of on appeal on August 21, 2006. The sole issue on appeal is whether the trial court committed an error of law or abused its discretion in granting the defendant's preliminary objections on the issue of failing to raise a miscalculation of credit for time served on plaintiff's sentence on his PCRA petition, wherein such a request cannot be made in a PCRA petition.

## LEGAL ANALYSIS

Legal malpractice claims, whether civil or criminal, bear the traditional elements of a general claim of negligence—duty, breach, causation and damages. *Bailey v. Tucker,* 533 Pa. 237, 621 A.2d 108 (1993). Under *Bailey,* in order to sustain a malpractice action against a criminal defense attorney, the plaintiff must establish five elements: (1) the employment of the attorney; (2) reckless or wanton disregard of the criminal defendant's interest by the attorney; (3) that "but for" the attorney's conduct, the plaintiff (criminal defendant) would have obtained an acquittal or complete dismissal of the charges; (4) the existence of damages; and that (5) the plaintiff (criminal defendant) has pursued post-trial remedies and obtained relief which was dependent on attorney error. *Bailey,* 533 Pa. at 250-51, 621 A.2d at 115. The burden on a plaintiff in a criminal malpractice action is higher than in the civil context because, among other reasons, a criminal defendant has many opportunities to allege ineffective assistance of counsel or to otherwise attack his conviction. *Id.* at 250, 621 A.2d at 114.

When considering a ruling on preliminary objections in the form of a demurrer, our standard of review is well settled:

"All material facts set forth in the complaint as well as all the inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be in favor of overruling it." *Veneri v. Pappano,* 424 Pa. Super. 394, 397, 622 A.2d 977, 978 (1993).

Conclusions of law, unwarranted inferences from facts, opinions and argumentative allegations in plaintiff's complaint need not be considered by the court in determining preliminary objections. *McCullough v. Clark,* 784 A.2d 156, 157 (Pa. Super. 2001).

To determine whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. *Rambo v. Greene,* 906 A.2d 1232, 1235 (Pa. Super. 2006). When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. *Id.*

According to the elements for legal malpractice for criminal defense attorneys, plaintiff could not sustain a claim for legal malpractice of Ms. Cherniack.

Plaintiff cannot maintain a legal malpractice claim for failing to raise the issue of credit for time served since raising such an issue would be improper under Pennsylvania law. According to the complaint, Cherniack was negligent when she allegedly failed to raise a miscalculation of credit for time served on plaintiff's sentence in his PCRA petition. (Complaint, ¶15.) However, a request for time served cannot be made in a PCRA petition. *Commonwealth v. Perry,* 386 Pa. Super. 534, 538, 563 A.2d 511, 513 (1989). See also, *Commonwealth v. Isabell,* 503 Pa. 2, 10, 467 A.2d 1287, 1291 (1983).

In *Perry,* the Superior Court affirmed the dismissal of a PCRA petition that alleged a miscalculation of credit for time served, holding that a PCRA petition is not an appropriate method to challenge such credit. The court explained that the proper redress in such cases should be sought by (1) an original action in Commonwealth Court against the Bureau of Corrections if an erroneous computation or (2) by writ of habeas corpus ad subjiciendum if the alleged error is attributed to an ambiguity in the sentence imposed. *Perry, supra* at 538, 563 A.2d at 513.

The Superior Court further clarified:

"It was only when the petitioner challenges the *legality* of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence was deemed cognizable as a due process claim in PCRA proceedings. See *Commonwealth v. Walker,* 286 Pa. Super. 239, 428 A.2d 661 (1981). (emphasis in original) A challenge to the Bureau of Correction's computations or construction of the terms

of sentences imposed is neither a direct nor even a collateral attack on the sentences imposed; and so, such claims were not deemed cognizable in PCHA proceedings. See *Commonwealth v. Isabell, supra* at 10, 467 A.2d at 1291. Because appellant has not challenged the trial courts' sentences, but has challenged the Bureau of Correction's computations or construction of the sentences, it is unnecessary to determine whether the analysis in *Commonwealth v. Walker, supra,* applies to actions brought under the new PCRA. It is enough, for the present, to note that a challenge to a Bureau of Corrections' computation or construction of a sentence (or sentences) imposed may not be brought by a PCRA petition. See 42 Pa.C.S. §§9543(a), 9545(b)." *Id.*

In our case, Cherniack was appointed as counsel to file a PCRA petition. (Complaint, ¶7.) Because the law does not permit counsel to challenge the computation of time served in a PCRA petition, Cherniack was practicing within the applicable law by not raising this issue in the improper forum. As a result, Cherniack cannot be said to have acted with "reckless or wanton disregard of the criminal defendant's interest by the attorney" in not raising such an issue wherein the forum was improper. Thus, plaintiff has failed to meet the elements of legal malpractice in this case and his complaint was properly dismissed under the circumstances.

## CONCLUSION

In light of the foregoing analysis, this court believes that defendant's' preliminary objections were properly sustained, and should be affirmed by the court above.