J-S37041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JULIO ORTIZ | |
| Appellant | No. 3104 EDA 2014 |

Appeal from the PCRA Order September 16, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002619-1989

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 19, 2015**

Julio Ortiz appeals from the order of the Court of Common Pleas of Lehigh County dismissing as untimely his *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA).  After our review, we affirm.

In his petition, titled "Petition for Writ of *Habeas Corpus*," Ortiz claimed the Board of Probation and Parole erred in extending his maximum sentence, which expired on March 5, 2014, to July 28, 2024.  He claimed that the Board's calculation was improper.  Appellant's *Pro Se* Brief, at 2.  The PCRA court filed a notice of intent to dismiss Ortiz's petition as untimely pursuant to Pa.R.Crim.P. 907.  In his response to the Rule 907 notice, Ortiz did not address the timeliness issue, and instead claimed the court erred in treating his habeas corpus petition as a PCRA petition.

First, we note that the court properly treated Ortiz's petition for writ of habeas corpus as a PCRA petition. *See* 42 Pa.C.S.A. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."). Additionally, because this challenge is to an administrative determination of the Board of Probation and Parole, it is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a). Where "the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Board's computation." *Commonwealth v. Perry*, 563 A.2d 511, 512-513 (Pa. Super. 1989).

We therefore affirm the PCRA court's dismissal of this case without prejudice to Ortiz's right to file an original action in the Commonwealth Court. *Perry*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015