J-S44012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT THEODORE GREELEY, III | |
| Appellant | No. 1544 WDA 2014 |

Appeal from the Order August 21, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000133-2009

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED SEPTEMBER 09, 2015**

Appellant Albert Theodore Greeley, III appeals from the order denying his motion seeking clarification of sentence.  Because the trial court lacked jurisdiction to address the motion, we vacate the order.

On November 18, 2010, the Fayette County Court of Common Pleas sentenced Appellant to 18-36 months' imprisonment at docket number CP-26-CR-0001145-2010, with credit for time served on June 30, 2009.[1] Appellant's Brief at Appendix C.[2]

---

[1] On November 18, 2010, the courts also sentenced Appellant to 60 days' imprisonment at docket number OTN No. K907878-6, to run concurrent with the sentence imposed at docket number CP-26-0001145-2010.  Appellant's Brief at Appendix C.

[2] The certified record does not contain the sentencing orders from other cases.  We have relied upon the sentencing orders attached to Appellant's
*(Footnote Continued Next Page)*

On April 7, 2011, at docket number CP-26-0001395-2010, the sentencing court imposed a sentence of 6 to 12 months' imprisonment. Appellant's Brief at Appendix D. That court awarded credit for time served from August 16, 2010 through November 18, 2010. *Id.*

On October 6, 2011, a jury convicted Appellant of possession of a controlled substance with the intent to deliver ("PWID"),[3, 4] intentional possession of a controlled substance,[5] and driving without a license at docket CP-26-CR-0000133-2009.[6] On October 31, 2011, the trial court sentenced Appellant to 7 to 20 years' incarceration for PWID and imposed no further penalty for the remaining convictions. The trial court ordered that Appellant receive credit for the time he spent in custody on October 30, 2008 and credit for time served from May 16, 2010 to August 16, 2010. The

---
*(Footnote Continued)* ──────────────

Brief. The sentences imposed, and the credit awarded in the prior sentencing orders, are not in dispute.

[3] 35 Pa.C.S. § 780-113(a)(30).

[4] The certified record does not contain documents pre-dating the sentencing order. We have gleaned the information regarding the dates and disposition of Appellant's charges from the docket.

[5] The docket lists this crime as possession of a controlled substance, 35 Pa.C.S. § 780-113(a)(16). This Court and the trial court in prior appeals, however, list the crime as possession of a small amount of marijuana, 35 PA.C.S. § 780-113(a)(31). Without a complete certified record or transcripts, it is unclear which is accurate.

[6] 75 Pa.C.S. § 1501(a).

trial court ordered that the sentence run concurrent to the sentences imposed by the Fayette County Court of Common Pleas at docket numbers CP-26-CR-0001395-2010 and CP-26-CR-0001145-2010, and by the Allegheny County Court of Common Pleas at CP-02-CR-0004930-2009 and CP-02-CR-0015573-2009.

Appellant did not file a post-sentence motion or a direct appeal. On December 22, 2011, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. Appointed counsel filed a petition for leave to appeal *nunc pro tunc*, which the trial court granted. Appellant filed an appeal, and this court affirmed the judgment of sentence on February 21, 2013. ***Commonwealth v. Greeley***, No. 410 WDA 2012 (Pa.Super. filed Feb. 21, 2013) (unpublished memorandum).

On April 23, 2013, Appellant filed a *pro se* PCRA petition, which he amended on May 29, 2013. Counsel filed an amended petition on October 16, 2013. The trial court conducted a hearing. On April 24, 2014, it denied the petition. On May 21, 2014, Appellant filed a notice of appeal and this Court affirmed on February 11, 2015. ***Commonwealth v. Greeley***, No. 835 WDA 2014 (Pa.Super. filed Feb 11, 2015) (unpublished memorandum). On March 12, 2015, Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On August 7, 2014, while his appeal of the order denying his first PCRA petition was pending in this Court, Appellant filed a motion seeking clarification of sentence. On August 21, 2014, the trial court denied this

motion, finding clarification was not needed and it could not award credit for time spent while serving another sentence. Appellant filed a notice of appeal on September 22, 2014.[7]

Appellant raises the following issues on appeal:

> 1. Contrary to 42 Pa.C.S. § 9760, the [c]ourt failed to properly clarify its sentencing order.
>
> 2. The [c]ourt's decision on the request for sentence clarification was not based upon the record.

Appellant's Brief at 6.

Appellant's motion seeking clarification claimed the trial court failed to give Appellant credit for time served from August 2010 to October 2011. Appellant acknowledged the sentence was not "patently illegal," but argued the trial court should view the failure to provide credit as a patent error, which it asked the trial court to use its inherent power to correct. Motion Seeking Clarification of Sentence ("Motion"), at 3. It referenced, and attached as an exhibit, the trial court's sentencing order, which stated the sentence "shall run concurrent to the Fayette County sentences at No. 1145 of 2010, Counts 1 and 4, and No. 1395 of 2010, Count 2, and concurrent with the Allegheny County sentences at No. 4930 of 2009, Counts 1 and 2, and 15573 of 2009." Motion, at ¶ 2, 5; Order, 10/31/2011. The motion seeking clarification also cites 42 Pa.C.S. § 9760, which provides:

_____

[7] Thirty days from August 21, 2014, was Saturday, September 20, 2014. Appellant timely filed his notice of appeal on the next business day, Monday, September 22, 2014.

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

. . .

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

Motion at ¶ 6; 42 Pa.C.S. § 9760 (1), (4). Appellant appeared to argue that, because the October 31, 2011 sentence, imposed at No. CP-26-CR-0000133-2009, was to run concurrent to all other sentences, the October 31, 2011 sentencing order should have awarded credit for time served from August 2010 through the date of the sentencing on October 31 2011.[8] Motion at ¶ 4-7.

---

[8] Appellant's motion for clarification appears to argue there is an ambiguity in the sentence imposed. His appellate brief, however, argues that "there is a patent error of law" and Appellant was entitled, as a matter of law, to credit for time spent in custody from November 18, 2010 to October 21, 2011. Appellant's Brief at 9-12. His brief argues this, even though his motion seeking clarification sought credit for time spent in custody from August 2010 through October 2011 and even though the motion stated the sentence was not "patently illegal." **See** Motion.

This Court has clarified the different claims a prisoner may raise regarding credit for time served and the mechanisms for raising such claims:

*(Footnote Continued Next Page)*

The trial court lacked jurisdiction to address Appellant's motion for clarification. Pennsylvania Rule of Appellate Procedure 1701(a) provides: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." The exceptions to Rule 1701(a) are inapplicable.[9]

*(Footnote Continued)* ———————

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa.Super.2014) (quoting ***Commonwealth v. Perry***, 563 A.2d 511 (Pa.Super.1989)).

The claim raised before the trial court, i.e., that there was an ambiguity in the sentencing order that requires clarification from the trial court, should be raised in a writ of *habeas corpus*. The claim raised on appeal, that the sentence is illegal because the court failed to award credit for time served, should be raised in a PCRA petition and is subject to the PCRA time-bar limitations.

[9] Rule 1701 provides:

*(Footnote Continued Next Page)*

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

. . .

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized on application by the appellate court.

(6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

*(Footnote Continued Next Page)*

Appellant's appeal of the order denying his first PCRA petition was pending on August 7, 2014, when he filed his motion for clarification, and on August 21, 2014, when the trial court issued its order. Accordingly, the trial court lacked jurisdiction to address the motion.

Order vacated. Case remanded. Jurisdiction relinquished.

---

*(Footnote Continued)*

> **(c) Limited to matters in dispute.** Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.
>
> **(d) Certain petitions for review.** The filing of a petition for review (except a petition relating to a quasijudicial order) shall not affect the power or authority of the government unit to proceed further in the matter but the government unit shall be subject to any orders entered by the appellate court or a judge thereof pursuant to this chapter.

Pa.R.A.P. 1701(b)-(d).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2015