J-S17041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANDREW KENNETH NORMAN | |
| Appellant | No. 1404 WDA 2015 |

Appeal from the Order August 27, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s):CP-26-CR-0002027-2012

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 09, 2016**

*Pro se* Appellant, Andrew Kenneth Norman, appeals from the order dismissing his petition to have the trial court reissue his sentencing order. Appellant claims the court had jurisdiction to grant his petition to reissue his prior sentencing order. He maintains he does not want a different sentence. Appellant opines that a reissued sentencing order would confirm to the Pennsylvania Department of Corrections ("DOC") that the court sentenced him to a flat ninety days' imprisonment, rather than the DOC's interpretation of the order as imposing a sentence of ninety to 180 days' imprisonment. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

We glean the facts from the record. On August 7, 2013, Appellant pleaded guilty to, *inter alia*, driving while operating privilege was suspended[1] ("DUS"). On September 3, 2013, the court docketed its sentencing order, which in pertinent part follows: "(5) undergo imprisonment at a State Correctional Institution for the mandatory period of ninety (90) days." Order, 9/3/13. Appellant did not file a direct appeal. On July 2, 2014, the court docketed Appellant's Post Conviction Relief Act petition, which the court denied on September 8, 2014.

On October 28, 2014, and June 16, 2015, Appellant apparently contacted the DOC. Ex. C to Appellant's Petition for the Court to Reissue Corrected Sentencing Order. The DOC responded to Appellant's contacts in a memo dated July 27, 2015:

> I am in receipt of your letter dated 10/28/2014 and 06/16/2015. Your case has been computed using the attached information provided by the county. The [DOC] received a written order and DC300B for CP2027-2012. The written order does not clarify whether the 90 day sentence is to be applied to the minimum only. The DC300B does show the 90 day sentence is to be applied to the minimum and the maximum. Therefore it was applied to both. If you believe these orders are incorrect, please have the county send us corrected documents and we will adjust your case accordingly.

***Id.***

---

[1] 75 Pa.C.S. § 1543(b)(1.1).

On August 19, 2015, within a month of the DOC memo, Appellant filed the instant petition to reissue sentencing order. Attached to the petition was the DOC memo, a court form confirming Appellant's sentence of ninety days' imprisonment, and a DOC form stating that for Appellant's DUS conviction, he has a minimum sentence of ninety days and a maximum sentence of ninety days. On August 27, 2015, the trial court dismissed Appellant's petition on the basis that it lacked jurisdiction. On August 31, 2015, Appellant timely appealed.[2] Appellant also timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issue:

> Did the lower court err in denying [Appellant's] Motion for the Court to Reissue Corrected Sentencing Order where it concluded that it did not have jurisdiction to grant the motion?

Appellant's Brief at 7.

Appellant argues that the court sentenced him to a flat ninety-day sentence of imprisonment. According to Appellant, the DOC construed the sentence as imposing a minimum term of ninety days and a maximum term of ninety days added to the minimum term of ninety days, for a total of 180 days' imprisonment. Appellant therefore asked the court to "reissue" the sentencing order and forward a copy to the DOC. He asserts the court has

---

[2] ***See generally Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule). The court docketed Appellant's notice of appeal on September 14, 2015.

jurisdiction to reissue an order without any changes "in the interest of making sure that the order is followed." **Id.** at 11. We hold the trial court lacked jurisdiction and thus affirm the order below.

We addressed our appellate jurisdiction in the seminal case of **Commonwealth v. Perry**, 563 A.2d 511 (Pa. Super. 1989):

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It was only when the petitioner challenges the **legality** of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence was deemed cognizable as a due process claim in PCRA proceedings. A challenge to the [Department] of Correction's computations or construction of the terms of sentences imposed is neither a direct nor even a collateral attack on the sentences imposed; and so, such claims were not deemed cognizable in PCHA proceedings. Because [the defendant] has not challenged the trial courts' sentences, but has challenged the [Department] of Correction's computations or construction of the sentences, it is unnecessary to determine whether the analysis in **Commonwealth v. Walker**, [428 A.2d 661 (Pa. Super. 1981)], applies to actions brought under the new PCRA. It is enough, for the present, to note that a challenge to a [Department] of Corrections' computation or construction of a sentence (or sentences) imposed may not be brought by a PCRA petition.

- 4 -

*Id.* at 512-13 (some citations omitted). Accordingly, the **Perry** Court affirmed the dismissal of the defendant's PCRA petition seeking correction of an allegedly miscalculated sentence. *Id.* at 512.

Instantly, Appellant filed a petition to have the court reissue his sentencing order to have the DOC construe his sentence as imposing a flat ninety-day term of imprisonment instead of a minimum term of ninety days and a maximum term of 180 days. Appellant has challenged the DOC's construction of the trial court's sentence. **See Perry**, 563 A.2d at 512-13. Thus, Appellant should bring an action in the Commonwealth Court, and we affirm the order below.[3] **See id.**

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2016

---

[3] We expressly leave for the Commonwealth Court to rule on the merits of Appellant's issue. **See generally Commonwealth v. Klingensmith**, 650 A.2d 444, 447-48 (Pa. Super. 1994) (holding trial court could impose flat ninety-day sentence for DUS conviction).