J-S01004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHNNY COLLINS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THERESA DELBALSO | : | No. 1082 MDA 2017 |

Appeal from the Order Entered June 1, 2017
in the Court of Common Pleas of Dauphin County,
Civil Division at No(s):  2017-CV-4080-MD

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:             **FILED FEBRUARY 26, 2018**

Johnny Collins ("Collins") appeals, *pro se*, from the Order denying his *pro se* "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" (hereinafter the "*Habeas* Petition").  We reverse and remand for further proceedings.

From what we can discern from the sparse record certified to this panel,[1] Collins is an inmate at SCI-Mahanoy.  The record contains no definitive information as to the crimes of which he was convicted or the details of his sentencing Order.[2]

_____

[1] Although the trial court issued a Pa.R.A.P. 1925(a) Opinion, it is only one sentence in length and offers no analysis.  Additionally, we do not have the benefit of a brief from the Appellee in this case, Theresa DelBalso, the Warden of the State Correctional Institution at Mahanoy ("SCI-Mahanoy").

[2] Collins asserts in his *Habeas* Petition that he was convicted of various drug offenses in May 2012, and sentenced, on July 25, 2012, to nine to eighteen years in prison on these convictions.  ***See*** *Habeas* Petition, 5/26/17, ¶¶ 13-14.

On May 26, 2017, Collins filed the *Habeas* Petition, asserting that his sentence was ambiguous, and seeking clarification as to the "effective date" of his sentencing Order. ***See*** *Habeas* Petition, 5/26/17, ¶¶ 20-21; ***see also id.*** ¶ 17 (asserting that "[i]t is unclear when [the trial c]ourt intended its nine [] to [eigh]teen [] year sentence to commence."). However, Collins stated that he did not challenge the Department of Corrections' ("DOC") computation of his sentence for purposes of time served, nor the trial court's failure to award credit for time served. ***See id.*** ¶¶ 16, 19. Collins asserted that the trial court had jurisdiction over his claim, and that it properly sounded in *habeas corpus*, pointing to this Court's holding in ***Commonwealth v. Perry***, 563 A.2d 511 (Pa. Super. 1989). ***See*** *Habeas* Petition, 5/26/17, ¶ 15.

In ***Perry***, this Court discussed the different mechanisms that a defendant can employ to raise a claim regarding credit for time served, stating as follows:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the [DOC], then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [DOC's] computation. **If**, on the other hand, **the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.**
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required

by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in [Post Conviction Relief Act ("PCRA")[3]] proceedings.

*Id.* at 512-13 (footnote and emphasis added; citations and emphasis in original omitted).

On June 1, 2017, the trial court entered an Order denying Collins's *Habeas* Petition. Therein, the trial court opined that the *Habeas* Petition was an "improper filing," since Collins had "attempted to resurrect an otherwise untimely filing through his [*Habeas*] Petition[,] when the proper vehicle for the averments alleged in his Petition is a [p]etition for [p]ost-[c]onviction [r]elief." Order, 6/1/17 (citing 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]")). Collins thereafter filed a timely *pro se* Notice of Appeal.[4]

Collins now presents the following issue for our review: "Whether the trial court abused its discretion in dismissing [Collins's] [*H*]*abeas* [P]etition seeking clarification of the effective date of his sentence?" Brief for Appellant at 3.

---

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

[4] The trial court did not order Collins to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

"Our standard of review of a court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason." ***Rivera v. Pa. Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted).

As stated above, Collins asserted in the *Habeas* Petition that (1) he sought clarification as to the ambiguous effective date of the sentence imposed by the trial court; and (2) the trial court thus had jurisdiction to address this claim, pursuant to the above-recited holding in ***Perry***. ***See*** *Habeas* Petition, 5/26/17, ¶¶ 15, 20-21. Contrary to the trial court's ruling, and pursuant to the clear holding in ***Perry***, a writ of *habeas corpus* is the proper vehicle for Collins's claim, not a PCRA Petition, as he does not challenge the legality of his sentence. ***See Perry***, 563 A.2d at 513 (stating that "[i]t [is] only when the petitioner challenges the *legality* of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in [PCRA] proceedings.") (emphasis in original); ***see also*** 42 Pa.C.S.A. § 9542 (providing that "[t]his subchapter provides for an action by which persons … serving *illegal sentences* may obtain collateral relief.") (emphasis added).

Accordingly, we reverse the trial court's Order denying Collins's *Habeas* Petition. ***See Perry***, 563 A.2d at 513. Moreover, given the sparseness of the certified record before us, we are unable to address the

merits of Collins's claim alleging ambiguity in his sentencing Order and seeking clarification from the trial court. Thus, we remand the case to the trial court to further develop this matter and address Collins's claim.

Order reversed. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2018