# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | |
| | : | |
| Haddrick Byrd, | : | No. 167 C.D. 2020 |
| Appellant | : | Submitted: May 27, 2022 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED:  September 1, 2022

Haddrick Byrd (Byrd) appeals pro se from the Philadelphia County Common Pleas Court's (trial court) January 28, 2019 order granting Byrd's *habeas corpus* petition (Petition).[1]  Byrd presents one issue for this Court's review: whether the trial court erred by granting the Petition without modifying the DC-300Bs[2] to reflect the proper sentence and ordering his discharge.  After review, this Court affirms.

Byrd and two accomplices were arrested, and subsequently charged, in connection with the 1974 robbery of a men's clothing store located at 639 South Street in Philadelphia.  On September 18, 1975, following a jury trial, Byrd was

---

[1] "If . . . the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed." *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014) (quoting *Commonwealth v. Perry*, 563 A.2d 511, 513 (Pa. Super. 1989)).

[2] A DC-300B is "the court commitment form . . . generated from the Common Pleas Criminal Court Case Management System of the unified judicial system[.]"  Section 9764(a) of the Sentencing Code, 42 Pa.C.S. § 9764(a).

convicted of robbery, possessing an instrument of crime, four counts of aggravated assault, and five counts of simple assault. On May 6, 1976, the trial court sentenced Byrd to an aggregate term of $33\frac{1}{2}$ to 67 years of incarceration. Following a direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on March 18, 1987. On October 18, 1994, Byrd filed his first Post Conviction Relief Act (PCRA)[3] petition. The PCRA court dismissed Byrd's first PCRA petition without a hearing. Byrd appealed and the Pennsylvania Superior Court vacated his one-to-two year sentence for simple assault and affirmed the dismissal in all other respects.[4] Byrd did not seek allocatur. Byrd was subsequently unsuccessful in obtaining collateral relief through a second PCRA petition filed in 2014.

On August 8, 2017, Byrd filed the Petition with the trial court seeking correction and/or clarification of his sentence. On January 28, 2019, the trial court granted relief. Specifically, the trial court ordered the Department of Corrections (DOC) to recalculate Byrd's sentence to reflect the Pennsylvania Superior Court's vacation of the one-to-two year sentence imposed for simple assault (CP-1499-1174), and the trial court's awarding of credit for time served on May 6, 1976.

On February 8, 2019, Byrd appealed from the trial court's January 28, 2019 order to the Pennsylvania Superior Court. On March 29, 2019, the trial court directed Byrd to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On April 12, 2019, Byrd filed his Rule 1925(b) Statement. On May 20, 2019, the trial court filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion). On January 8, 2020, the Pennsylvania Superior Court transferred the appeal to this

---

[3] 42 Pa.C.S. §§ 9541-9546.
[4] *See Commonwealth v. Byrd*, 678 A.2d 824 (Pa. Super. 1996) (Table).

2

Court.[5, 6]  On January 18, 2022, Byrd filed an Application for Relief seeking to expedite the decision in this case.

Byrd argues that because the trial court granted his Petition, the trial court should have also modified the DC-300Bs connected with his criminal case and discharged him from custody, because the maximum sentence release date expired. The trial court explained:

> [Byrd's] instant [Petition] sought relief in the form of correction and/or clarification of his sentence.  In support of [Byrd's] request for relief, he appended a copy of a letter sent from [] DOC to the Honorable C. Darnell Jones, II[,] on July 25, 2008[,] seeking sentence clarification.  [Byrd] correctly observed that [] DOC did not receive a written response.  After reviewing the letter, [Byrd's] case file, and contacting the Records Supervisor at the State Correctional Institution at Frackville, th[e trial c]ourt made the following determinations necessitating sentence clarification and recalculation[.]  First, [] DOC's letter incorrectly stated that "no credit was awarded." *See* [Petition] at Exhibit E.  To the contrary, the trial court awarded credit for time served at sentencing.  *See* Sentencing orders, 5/6/[19]76.  Second, [] DOC had not recalculated [Byrd's] sentence to reflect the [Pennsylvania] Superior Court's vacation of the one (1) to two (2) year sentence imposed for simple assault (CP[-]1499-1174).  Thus, th[e trial c]ourt entered orders directing [] DOC to recalculate [Byrd's] sentence to reflect the trial court's awarding of time[-served] credit and the [Pennsylvania] Superior Court's 1996 decision.

---

[5] "Ordinarily, an appellate court will review a grant or denial of a petition for writ of *habeas corpus* for abuse of discretion, but for questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. McClelland*, 233 A.3d 717, 732 (Pa. 2020) (quoting *Commonwealth v. Judge*, 916 A.2d 511, 521 n.13 (Pa. 2007) (citations omitted)).

[6] By March 8, 2022 Order, this Court precluded the Commonwealth of Pennsylvania from filing a brief for its failure to file a brief or notice of non-participation as directed by this Court's January 31, 2022 Order.

Rule 1925(a) Op. at 2-3 (internal citations omitted). The trial court expounded: "Although the DC-300Bs omitted the trial court's granting of time[-served] credit, they accurately detailed the [sentencing] court's consecutive-sentence structure resulting in an aggregate term of [$33^1/_2$] to [67] years' incarceration on the above-captioned case." Rule 1925(a) Op. at 3. Because the trial court ordered DOC to recalculate Byrd's sentence to reflect the trial court's awarding of time-served credit and the Pennsylvania Superior Court's 1996 decision, correcting the DC-300Bs was not warranted.

Further, it is undisputed that the sentencing court sentenced Byrd to an aggregate term of $33^1/_2$ to 67 years of incarceration. Deducting the one-to-two year sentence imposed for simple assault, as the Pennsylvania Superior Court ordered, Byrd's modified aggregate term totals $32^1/_2$ to 65 years of incarceration. It is unclear how much pre-sentence time Byrd served. However, given that Byrd was held for court on October 29, 1974, he was convicted on September 25, 1975, and he was sentenced on May 6, 1976, he could possibly have served between one and two years.[7] Deducting another two years from Byrd's aggregate sentence for time served, as the sentencing court ordered, results in a modified maximum sentence of 63 years. Thus, even giving Byrd the benefit of every possible inference, since only 46 years have passed since Byrd's May 6, 1976 sentencing, his maximum sentence release date has not expired. Accordingly, the trial court did not err by failing to discharge Byrd.[8]

---

[7] However, it is extremely doubtful that Byrd's pre-sentence confinement would have totaled two years, because his arrest, conviction, and sentencing on these charges underlapped and overlapped with two additional criminal cases for which Byrd was convicted and sentenced. *See* CP-51-CR-0416311-1973, CP-51-CR-0317152-1975.

[8] Byrd is also serving a life sentence for murder which is marked closed on the docket. *See* CP-51-CR-0317152-1975. Therefore, even if Byrd's maximum sentence on this case had expired, the trial court could still not order his discharge.

For all of the above reasons, the trial court's order is affirmed.


_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:
v. :
:
Haddrick Byrd, : No. 167 C.D. 2020
Appellant :

## O R D E R

AND NOW, this 1st day of September, 2022, the Philadelphia County Common Pleas Court's January 28, 2019 order is AFFIRMED. Haddrick Byrd's Application for Relief seeking to expedite the decision in this case is DENIED as moot.

_____
ANNE E. COVEY, Judge