J-S08025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH LODUCA | : | |
| | : | |
| Appellant | : | No. 955 MDA 2023 |

Appeal from the Order Entered June 6, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001345-2021

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 28, 2024**

Joseph LoDuca (Appellant) appeals, *pro se*, from the order denying his *pro se* petition for writ of *habeas corpus*.  Because Appellant's petition challenged the application of the trial court's sentencing order by the Pennsylvania Department of Corrections (DOC), the trial court denied the petition, concluding Appellant's claim falls within the original jurisdiction of the Commonwealth Court.  We agree, and therefore affirm the trial court's order.

_____

[*] Former Justice specially assigned to the Superior Court.

On July 9, 2021, Appellant pled guilty to possession with intent to deliver methamphetamine and possession of drug paraphernalia.[1,2] **See** N.T., 7/9/21, at 2-6. On the same day, the trial court imposed the negotiated sentence of 1 to 2 years in prison, plus a fine and costs. **Id.** at 7. Further, the Commonwealth waived any ineligibility for the Recidivism Risk Reduction Incentive (RRRI) program. **Id.** at 8. The trial court then specified that Appellant would be RRRI eligible after nine months. **Id.**[3]

On January 27, 2023, Appellant filed a *pro se* motion, which he titled a petition for *habeas corpus*. Therein, Appellant argued the DOC unlawfully modified his plea agreement by deeming him ineligible for RRRI at that time. **See** Petition for *Habeas Corpus*, 1/27/23; **see also id.**, attach. (Sentence Status Summary).

The trial court explained what next transpired as follows:

> On February 27, 2023, [the court] denied [Appellant's] request, explaining that, since he was complaining about the actions of the DOC and not [the trial c]ourt, the appropriate course of action was to file an original action in the Commonwealth Court.

---

[1] 75 P.S. § 780-113(a)(30), (32).

[2] Appellant represented himself during the plea hearing, with appointed counsel acting as standby counsel.

[3] Appellant subsequently filed a petition under the Post Conviction Relief Act (PCRA), **see** 42 Pa.C.S.A. §§ 9541-9546. The PCRA court dismissed the petition after a hearing. Appellant filed a *pro se* appeal, which was docketed in this Court at 1184 MDA 2022. After filing multiple *pro se* applications at that docket, Appellant ultimately withdrew his appeal.

On March 9, 2023, [Appellant] filed a motion for reconsideration of [the] February 27th order. On March 13, 2023, he filed an addendum to his motion for reconsideration. On March 14, 2023, [the court] denied the request for reconsideration.

On June 1, 2023, [Appellant] submitted another petition [for *habeas corpus*] seeking to relitigate his RRRI claim. On June 6, 2023, [the trial court] issued the order from which [Appellant] now appeals in which [the court], to assist [Appellant], clarified that the Commonwealth waived RRRI ineligibility and that his RRRI minimum should be nine (9) months. However, [the court] reiterated [its] previous position that [it was] without jurisdiction to do more and that [Appellant's] request for relief was being presented to the wrong court.

Trial Court Opinion, 7/14/23, at 1-2 (unnumbered).

Appellant filed a timely *pro se* notice of appeal. The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Nevertheless, the trial court filed an opinion.[4]

On appeal, Appellant renews his claim that the DOC illegally modified his sentence. **See** Appellant's Brief at 6. As a threshold matter, we recognize that Appellant properly sought relief without invoking the PCRA.[5] **Commonwealth v. Perry**, 563 A.2d 511, 513 (Pa. Super. 1989) ("[A] challenge to the [DOC's] computation or construction of a sentence … imposed

---

[4] Appellant filed an additional pleading on June 14, 2023, which he titled a motion to reconsider the court's June 6, 2023, order. Therein, Appellant "averred that he was serving an illegal sentence and that the Pennsylvania Constitution grants a Court of Common Pleas jurisdiction in all matters." Rule 1925(a) Opinion, 7/14/23, at 2 (unnumbered) (internal quotation marks omitted). The trial court again explained Appellant must raise his challenge in the Commonwealth Court. Order, 6/19/23.

[5] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

may not be brought by a PCRA petition."); *see also Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014) (holding a claim that DOC failed to follow the trial court's unambiguous sentence was not cognizable under the PCRA).

In *Perry*, this Court explained the proper courses of action:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the [DOC], then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [DOC's] computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

*Perry*, 563 A.2d at 512-13 (citations omitted).

Appellant has not alleged an ambiguity in the trial court's sentencing order. Appellant instead challenges the DOC's calculation and application of his minimum sentence for RRRI eligibility. In essence, Appellant seeks to compel the DOC to release him to the RRRI program. Thus, an original action in the Commonwealth Court, rather than a petition for writ of *habeas corpus*, is the proper vehicle for Appellant's challenge. *See id.*

Order affirmed.

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/28/2024