J-S32031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFERY DORSEY, | |
| Appellant | No. 2743 EDA 2015 |

Appeal from the PCRA Order August 26, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0431471-1981
CP-51-CR-0503081-1981
CP-51-CR-0503391-1981

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                       **FILED APRIL 20, 2016**

Appellant, Jeffery Dorsey, appeals *pro se* from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Appellant's petition is untimely with no statutory exception to the time bar properly pleaded and proven.  Appellant has also filed a *pro se* application for relief captioned "Appellant Authorities," and an application for reconsideration.  We affirm the dismissal of Appellant's petition and deny his applications as moot.

In 1981, Appellant was convicted in two separate trials of multiple crimes including rape, robbery, burglary, theft by unlawful taking and

---

[*] Retired Senior Judge assigned to the Superior Court.

conspiracy. On March 9, 1982, the court imposed an aggregate sentence of incarceration of not less than twenty-three nor more than forty-six years in a state correctional institution. (**See** PCRA Court Opinion, 10/22/15, at 1-2). This Court affirmed the judgment of sentence. (**See Commonwealth v. Dorsey**, 482 A.2d 667 (Pa. Super. 1984) (unpublished memorandum)).

On August 8, 2012, Appellant filed the instant PCRA petition. The court appointed counsel who, in due course, filed a **Turner**/**Finley** "no merit" letter. (**See** "No Merit/**Finley** Letter," 2/11/15, at 1-6); **see also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court permitted her to withdraw. After notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition, on August 26, 2015. This timely appeal followed on September 8, 2015. Appellant filed a statement of errors on September 29, 2015. **See** Pa.R.A.P. 1925(b). The PCRA court filed its opinion on October 22, 2015. **See** Pa.R.A.P. 1925(a).

Preliminarily, we observe that Appellant's brief fails to comply not only with our procedural rules, but even with the most basic requirements of an intelligible argument.[1] The pages are not consecutively numbered, making

---

[1] Appellant filed both his brief and his reproduced record late, on January 12, 2016. Appellant has filed an Application for Reconsideration, on March 29, 2016. The application offers an explanation of the circumstances which he claims led to (and excused) the late filings. In the interest of justice, and for the sake of judicial economy, we have reviewed Appellant's filings on their respective merits, such as there are. Therefore, it is unnecessary for us to

*(Footnote Continued Next Page)*

referencing, let alone cross-referencing, virtually impossible.    More substantively, Appellant fails to identify any cognizable PCRA court errors. In fact, he has failed to include a statement of questions involved on appeal at all.  ***See*** Pa.R.A.P. 2116(a): ("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail.").

Similarly, Appellant's purported concise statement of errors is little more than an unfocussed assortment of alleged grievances.  These include his claimed right to substitute PCRA counsel, an attempt to incorporate by reference a variety of previously filed motions, a complaint addressed personally to the PCRA judge, and so forth.   (***See*** "Claims of Error," 9/29/15, at 1-2; ***see also*** Appellant's Brief, "Court's Exhibit "B," at 1-4).

Instead of specific reviewable claims, Appellant opts in general for a long, rambling narrative punctuated by broad critiques of the PCRA court judge, his accuracy, ("totally wrong") (Appellant's Brief, at 6), his "Bias," (***id.*** at 12), and even his veracity, ("[T]hat's a lie.").  (***Id.***).

Appellant fails to develop legal arguments or present meaningful authority rationally related to support of any of his claims.   Often his assertions are simply unintelligible, *e.g.*, "[I]t's just a shame that a (bunch

_____

*(Footnote Continued)* ─────────────

review this application for reconsideration on the merits, and we decline to do so.  Appellant's application is denied as moot.

of kid pornographic's) [sic] will try to keep a child, now a grown man in prison to die." (***Id.*** at 4) (parenthesis in original).

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. For example,
>
>> The argument [section] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> Pa.R.A.P. 2119(a). In the instant case, the defects in Appellant's brief are substantial. . . . ***See*** Pa.R.A.P. 2116, 2119. Appellant's . . . argument is rambling, repetitive and often incoherent. ***See*** Pa.R.A.P. 2119. Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003),

*appeal denied*, 879 A.2d 782 (Pa. 2005) (case citation omitted).[2]

> To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings

---

[2] In the spirit of liberal construction espoused in ***Lyons***, we disregard, as the PCRA court did, Appellant's failure to file separate notices of appeal under the proper docket numbers. (***See*** PCRA Ct. Op., at 2-3); ***see also Grossi v. Travelers Pers. Ins. Co.***, 79 A.3d 1141, 1145 n.1 (Pa. Super. 2013), *appeal denied*, 101 A.3d 103 (Pa. 2014) ("[I]n the interests of justice and to promote judicial economy an appellate court may 'regard as done that which ought to have been done' and proceed in the matter.").

of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citations and quotation marks omitted). For questions of law the appellate standard of review is *de novo*, and our scope of review is plenary. *See id.*

We must first address whether Appellant satisfied the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). . . .

[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (case citations, internal quotation marks and other punctuation omitted).

Here, because Appellant's sentence became final prior to January 16, 1996, he had one year from that date, or January 16, 1997, to file a timely

first PCRA petition. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-57 (Pa. Super. 1997), *appeal denied*, 724 A.2d 348 (Pa. 1998). He did not.

Therefore, Appellant's PCRA petition, filed in 2012, is untimely on its face, and the PCRA court lacked jurisdiction to review the merits of Appellant's claims unless he pleads and proves one of the three statutory exceptions to the time bar.

Liberally construed, Appellant invokes the exception for newly discovered facts, specifically, notice from the Department of Corrections that it computed his sentences to be consecutive. (**See** Appellant's Brief, at 13; **see also** Sentence Status Summary, Appellant's Brief, at Exhibit E, at 1-3). However, Appellant concedes that he learned about this purportedly erroneous calculation on November 25, 2002. (**See** Appellant's PCRA Petition, at 11-13).

Nevertheless, he did not file his PCRA petition until August 8, 2012, almost ten years later. Accordingly, Appellant failed to comply with 42 Pa.C.S.A. § 9545(b)(2), ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.").

Furthermore, a claim that the Department of Corrections erroneously calculated a sentence is outside of the scope of the PCRA, requiring an original action in the Commonwealth Court. **See Commonwealth v. Perry**, 563 A.2d 511, 512-13 (Pa. Super. 1989); **see also Commonwealth v.**

*Heredia*, 97 A.3d 392, 394-95 (Pa. Super. 2014), *appeal denied*, 104 A.3d 524 (Pa. 2014) (following **Perry**). None of Appellant's myriad of other undeveloped claims presents anything remotely resembling one of the three statutory exemptions to the PCRA time bar.

Accordingly, Appellant's petition is untimely, with no exception to the statutory time bar pleaded and proven. The PCRA court correctly determined it lacked jurisdiction to review the merits of Appellant's petition and properly dismissed it. On independent review, we discern no other basis on which to disturb the PCRA court's dismissal of Appellant's petition as untimely. **See Spotz**, **supra** at 311.

Appellant has also filed a *pro se* application for relief captioned "Appellant Authorities." (**See** Appellant Authorities, 3/18/16, at 1-2). Aside from requesting the Prothonotary to send back to Appellant all his previous filings, the application does not seek a specific form of judicial relief. Rather, it appears to be an effort by Appellant to supply additional authority he believes will support his original petition. Nothing in the filing would alter our disposition.

Order affirmed. Applications denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/20/2016</u>