J-S11030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLES WATSON :
:
Appellant : No. 1107 EDA 2018

Appeal from the PCRA Order April 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000953-2011

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 08, 2019**

Charles Watson (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court dismissed the petition after considering Appellant's claim of plea counsel's ineffectiveness, and concluding that the claim lacked merit. However, upon review, we affirm on the basis that Appellant's petition was untimely. *See Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012) (this Court is not bound by the rationale of the PCRA court and may affirm on any basis).

The PCRA court partially summarized the convoluted procedural history of this case as follows:

> On June 7, 2010, [Appellant] was arrested and charged with attempted murder and related offenses. The charges stemmed from [Appellant] shooting Eric Sumpter on May 15, 2010, ten times in the leg and abdomen, resulting in serious bodily injury. [More than four years later, o]n August 4, 2014, [Appellant]

entered into a negotiated guilty plea for attempted murder and possessing an instrument of crime ("PIC"). [Appellant's privately-retained counsel of record was Nino Tinari, Esquire, but Matthew Sullivan, Esquire appeared at the plea hearing in Attorney Tinari's place.[1]] In exchange for his plea, [Appellant] received a sentence of seven-and-a-half to fifteen years of imprisonment with credit for time served[. The court ordered this sentence to run concurrently with a life sentence Appellant was serving for first-degree murder. *See* CP-51-CR-0006119-2013 (2013 Case). Appellant] did not file a post-sentencing motion or a notice of appeal.

PCRA Court Opinion, 8/7/18, at 1 (footnote rephrased in brackets).

With regard to credit for time served:

[The] sentencing order . . . specified that [Appellant's] time credit would be determined by the Philadelphia Prison System. *See* [Order-Negotiated Guilty Plea, 8/4/14.] According to the September 5, 2017 memorandum from Christopher Thomas, Director of Classification, Movement, and Registration of the Philadelphia Prison System, [Appellant] received credit [of approximately 57 days] in the instant matter from June 7, 2010, to August 2, 2010, and for August 4, 2014.

*Id.* at 2. Also, Appellant received almost 20 months of sentencing credit, for the period between August 3, 2010 and March 29, 2012, in another case, CP-51-CR-0009981-2010 (2010 Case).[2] *See id.* at 2 & n.3.

On March 27, 2015, Appellant filed a counseled "Motion to Correct Prison

---

[1] N.T. Guilty Plea & Sentencing, 8/4/14, at 4.

[2] The 2010 Case sentence (aggregate 2 to 4 years' imprisonment and 3 years' probation) ran consecutive to a sentence in yet another case, CP-51-CR-0013033-2009 (aggregate 3 to 7 years' imprisonment and 3 years' probation).

Records,"[3] through new counsel, Barnaby Wittels, Esquire, arguing that his prison records incorrectly stated that his sentence was to run consecutive to (and not concurrent with) his life sentence in the 2013 Case. The next document in the certified record is Appellant's December 1, 2015 *pro se* "Motion to Correct Prison Record,"[4] which states that Attorney Wittels "was given an order by [the c]ourt correcting the time," but avers that the docket incorrectly stated that sentencing credit began on August 4, 2014, and that credit should have been "backdat[ed] to when [Appellant] was first in custody." Appellant's Motion to Correct Prison Record, 12/1/15, at 1-2. Neither Attorney Wittels' motion nor Appellant's *pro se* motion raised a claim of ineffective assistance of counsel. Both motions sought an order directing the Department of Corrections (DOC) to "correct" Appellant's sentencing credit. On December 30, 2015 and March 14, 2016, Appellant filed additional *pro se* motions requesting that the court appoint him counsel. The docket indicates that no court action was taken on any of the four motions.

On March 27, 2016, Appellant filed a *pro se* "Motion for Post Conviction Collateral Relief," again arguing that his sentencing order incorrectly stated that his sentence was to commence on August 4, 2014. On April 21, 2016,

---

[3] The motion is incorrectly entered on the trial docket as "Motion to Correct the Trial Record." Criminal Docket, at 20 (unpaginated).

[4] This motion is entered on the trial docket as "Case Correspondence." ***Id.***

Appellant filed a *pro se* amended PCRA petition, asserting, for the first time, that plea counsel was ineffective for incorrectly advising him about the credit he would receive for time served following his arrest.[5]

The PCRA court appointed counsel to represent Appellant on August 15, 2016. Counsel filed an amended PCRA petition on March 1, 2017, claiming that Appellant's guilty plea was not knowingly and voluntarily entered because Appellant entered his plea based on plea counsel's incorrect advice that Appellant would receive sentencing credit from the time he was arrested. The Commonwealth filed a response, but neither party addressed the timeliness of Appellant's request for post-conviction relief.

On January 8, 2018, the PCRA court conducted an evidentiary hearing. Appellant testified that both plea counsel, Attorney Tinari and Attorney Sullivan, advised him he would receive sentencing credit back to the time he was arrested and detained in June 2010. N.T. PCRA Hearing, 1/8/18, at 15-16. Appellant further stated that counsels' advice "played a major role" in his decision to plead guilty, because he believed he had already served four years of the proffered 7½-to-15-year sentence, and had he known that he would have to serve more time, he would not have pled guilty. *Id.* at 16. Neither Attorney Tinari nor Attorney Sullivan were called to testify.

_____

[5] During this time period, Appellant filed additional, duplicative *pro se* motions requesting the same type of relief, which we omit from our summary for the sake of brevity.

The PCRA court denied relief on the merits and by order dated April 3, 2018, dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents the following issue for review:

1. Was the [PCRA c]ourt's decision to dismiss . . . Appellant's PCRA petition supported by the evidence presented at the evidentiary hearing?

Appellant's Brief at 8.

On appeal, Appellant argues that the PCRA court erred in dismissing his claim that plea counsel was ineffective for giving him incorrect advice regarding sentencing credit. Appellant concludes that because plea counsel's advice was deficient, his plea was not entered knowingly and voluntarily.

Before addressing this claim, and after careful review of the record, we are compelled to address, *sua sponte* and as a threshold matter, "whether Appellant timely filed his PCRA petition and, if not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement. As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **See Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

Significantly, Appellant's two 2015 motions (counseled and *pro se*) raised claims as to sentencing credit that were not cognizable under the PCRA. **See Commonwealth v. Perry**, 563 A.2d 511, 513 (Pa. Super. 1989) (the

DOC's computation or allocation of sentencing credit is not cognizable under the PCRA). When a claim **is** cognizable under the PCRA, the PCRA requires that a petition "shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of three enumerated exceptions.[6] 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in . . . the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Instantly, Appellant was sentenced on August 4, 2014, and did not file a post-sentence motion or direct appeal. Thus, his judgment of sentence became final on September 3, 2014, when the 30-day appeal period expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant then had one year, until September 3, 2015, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Any petition filed after that date would have to plead and prove one of the enumerated exceptions in order to circumvent the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

_____

[6] Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 2017 — more than a year after Appellant filed the underlying petition — Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), such that a PCRA petition invoking a timeliness exception must be filed **within one year** of the date the claim could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, §§ 2, 3. The change in the law does not impact our analysis in this case.

The PCRA court treated Appellant's March 27, 2015 counseled "Motion to Correct Prison Records" as a petition under the PCRA.[7] PCRA Court Opinion, 8/7/18, at 1. This was error. As stated above, Appellant's only claim in the March 27, 2015 motion was that his prison records incorrectly reflected that his sentence was to run consecutive to his life sentence, where the trial court had ordered it to run concurrently, and Appellant requested an order directing the DOC to correct its records. This claim was not cognizable under the PCRA. *See Perry*, 563 A.2d at 513.

It was not until Appellant filed his April 21, 2016 *pro se* petition (amending his untimely March 27, 2016 *pro se* petition) that he raised a claim – ineffectiveness of plea counsel – that was cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). This petition was filed several months after September 3, 2015 one-year time limit. Furthermore, neither Appellant's *pro se* petitions, nor counsel's March 1, 2017 amended petition, pleaded a timeliness exception. *See id.* Accordingly, Appellant's petition for post-conviction relief was untimely and the PCRA court lacked jurisdiction to review it. *See Callahan*, 101 A.3d at 121.

Order affirmed.

---

[7] While the PCRA court stated that this petition was filed *pro se*, PCRA Court Opinion, 8/7/18, at 1, our review of the record indicates that it was filed by Attorney Wittels, who, we note, had neither entered an appearance nor participated further in this case after filing the motion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/19