J-S39004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EARL DEMBY :
:
Appellant : No. 759 EDA 2020

Appeal from the Order Entered February 7, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006511-2014

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:            **FILED SEPTEMBER 04, 2020**

Earl Demby appeals *pro se* from the order, entered in the Court of Common Pleas of Delaware County, denying his motion to modify sentence. Upon review, we affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> [Demby] pled guilty to unauthorized use of a motor vehicle and retail theft on December 18, 2014[.]  An eighteen-month term of probation was imposed at sentencing.  [Demby] was a participant in the Veteran's Court program and[,] during the time he participated[,] sanctions were imposed on several occasions. Ultimately[,] he was terminated from the program after arrests for retail theft and receiving stolen property in June and July of 2015.  These arrests occurred in Upper Merion and Lower Merion Townships.
>
> Upon termination from Veteran's Court[, Demby] was resentenced to an aggregate term of [2½] to [5] years of incarceration.

---

[*] Retired Senior Judge assigned to the Superior Court.

[Demby] appealed from [his] judgment of sentence. On appeal[,] the Superior Court remanded the matter for resentencing.

[] On November 2, 2016[,] an aggregate sentence of [2½] to [5] years of incarceration was imposed. Demby was [eligible for the Recidivism Risk Reduction Incentive ("RRRI")] and [was] awarded credit for time served[,] as he is entitled by law. An order denying a post-sentence motion was entered on February 8, 2016. [Demby] did not appeal from [his] judgment of sentence.

In a document dated January 27, 2020[, Demby] moved for a modification of sentence[.] [Demby] alleged as grounds for modification that he had "run into a problem with the Board of Parole and Probation" and he believed that his sentence did not include the RRRI designation. On February 7, 2020[,] the [c]ourt dismissed the motion to modify for lack of jurisdiction.

Trial Court Opinion, 4/15/20, at 1-2. Demby filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal,[1] Demby asserts that, upon his resentencing on November 2, 2016, he was not credited for time served and that "[t]he Board of Probation

_____

[1] We note for the record that Demby's "Appellee [sic] Brief" fails to comply in any meaningful way with the Rules of Appellate Procedure. The document consists of one page in which Demby outlines his complaint, unsupported by any citation to authority or to the record itself, as required by Pa.R.A.P. 2119. Moreover, Demby's brief further violates the Rules of Appellate Procedure by failing to include a statement of the Court's jurisdiction, the order or other determination in question, a statement of this Court's scope and standard of review, a statement of the questions involved, a statement of the case, and a summary of his argument, as required by Pa.R.A.P. 2111(a). Appellate briefs must conform materially to the requirements of the appellate rules, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). Despite these substantial deficiencies in Demby's brief, because we are able

and Parole [sic] illegally extended [his] max[imum sentence]." Brief of Appellant, at [1]. He is entitled to no relief.

Preliminarily, we recognize that Demby properly sought relief without invoking the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, where he is not challenging the legality of his sentence. *See Commonwealth v. Perry*, 563 A.2d 511, 513 (Pa. Super. 1989) (challenge cognizable under PCRA only when petitioner challenges legality of sentence for trial court's alleged failure to award credit for time served as required by law). Although Demby purports to challenge the legality of his sentence by alleging that the trial court did not grant him credit for time served, a review of the Certificate of Imposition of Sentence, dated November 2, 2016, clearly states that "[t]he Defendant shall receive such credit for time served as he/she is entitled by the laws of the Commonwealth of Pennsylvania," with such "credit time to be determined by state officials." Certificate of Imposition of Judgment of Sentence, 11/2/16. Thus, it is apparent Demby's challenge is solely to the calculation, by the Department of Corrections ("DOC"), of his time served. Where a prisoner alleges error resulting from the DOC's computation, then the appropriate mechanism for redress is an original action in Commonwealth Court challenging the DOC's computation. *Allen v. Com., Dep't of Corr.*, 103 A.3d 365, 373 (Pa. Cmwlth. 2014).

_____

to discern and readily dispose of the issue Demby complains of on appeal, we decline to quash.

Because the trial court granted Demby credit for time served in its order imposing sentence, Demby's proper course of action was to institute an original action challenging the DOC's calculation in Commonwealth Court. Accordingly, the trial court properly dismissed Demby's motion for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/20