J-S11026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARRYL THOMAS :
:
Appellant : No. 1251 WDA 2021

Appeal from the PCRA Order Entered September 30, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001743-2019

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                          **FILED: JUNE 27, 2022**

Appellant, Darryl Thomas,[1] appeals from the order entered September 30, 2021 denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA).[2]  We affirm.

On August 11, 2020, Appellant entered into a negotiated guilty plea to aggravated assault and receiving stolen property[3] encompassing two separate docket numbers:  CP-11-CR-0001743-2019 ("1743-2019") and

---

[1] We have amended the caption to correct the spelling of Appellant's name and to conform our caption with the certified record and the caption employed before the PCRA court.  **See** Pa.R.A.P. 907(a) (directing the prothonotary of the appellate court to docket an appeal under the caption given in the trial court).

[2] 42 Pa.C.S.A. §§ 9541-9546.

[3] 18 Pa.C.S.A. §§ 2702(a)(1) and 3925(a), respectively.

CP-11-CR-0001741-2019 ("1741-2019").[4]  **See** PCRA Court Opinion, 9/30/21, at 1.  The written plea agreement, signed by Appellant, included the following terms:

> 4) The Commonwealth recommends and [Appellant] agrees that the [o]ffense [g]ravity [s]core is 10 with no [d]eadly [w]eapon [e]nhancement for [count 1 of docket 1743-2019, relating to aggravated assault as a felony of the first degree] with a standard guideline range of 42-54 months.
>
> 5) The Commonwealth recommends and [Appellant] agrees that the [o]ffense [g]ravity [s]core is [nine] for [count 2 of docket 1741-2019, relating to receiving stolen property as a felony of the second degree] with a standard guideline range of 30-42 months.
>
> 6) The Commonwealth recommends that the above sentences run concurrently with one another for a total sentence of 42-120 months of incarceration in a [s]tate [c]orrectional [i]nstitute.
>
> 7) The Commonwealth further recommends that the sentence on the above-captioned case numbers shall run consecutively to any sentence imposed on [Appellant's] state parole violation [docketed separately].

**Id.**; **see also** Rule 590(B) Disposition Agreement, 8/11/20.  After conducting an on-the-record colloquy and reviewing the numerous written guilty plea documents signed by Appellant, the trial court accepted Appellant's guilty plea as knowing and voluntary.  **See** N.T. Plea/Sentencing, 8/11/20; Guilty Plea Form, 8/11/20; Guilty Plea Explanation of Defendant's Rights, 8/11/20; Rule 590(B) Disposition, 8/11/20.  Appellant waived the preparation of a presentence investigation ("PSI") report and asked to proceed straight to

---

[4] The PCRA petition before us on review raises claims for collateral relief pertaining to docket number 1743-2019 only.

sentencing because his prior record score had previously been calculated and the sentence was negotiated. *See* PCRA Court Opinion, 9/30/21, at 2. The trial court sentenced Appellant pursuant to the plea agreement, including credit for time served. *Id.* Appellant did not file post-sentence motions or a direct appeal.

On July 8, 2021, Appellant filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel who filed an amended PCRA petition on July 12, 2021. Within the amended PCRA petition, Appellant claimed that plea counsel provided ineffective assistance of counsel which rendered his plea involuntary and unknowing and failed to file requested post-sentence motions or a direct appeal regarding several pre-trial rulings. Amended PCRA Petition, 7/12/21, at 2-3. Appellant also asked the PCRA court to direct a recalculation of his credit for time served. *Id.* at 8. The PCRA court convened an evidentiary hearing on September 27, 2021 at which Appellant and plea counsel testified. The PCRA court denied Appellant's amended PCRA petition on September 30, 2021. This appeal followed.[5]

Appellant raises the following issues for our review:

1. [Whether the PCRA court erred in finding that Appellant entered a valid guilty plea where Appellant claims that plea counsel never explained the plea agreement, Appellant was unaware of the applicable sentencing guidelines, and counsel failed to present a PSI report to the court?]

---

[5] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 3 -

2. [Whether] the trial court erred in denying the Appellant's PCRA petition in regards to his request that [plea] counsel failed to file a number of post-sentence motions that he requested[?]

3. [Whether] the trial court erred in denying the Appellant's PCRA petition in regards to his request for credit for time served from November 6, 2019 to August 11, 2020[?]

Appellant's Brief at 4 (extraneous capitalization omitted).

Before we address the merits of Appellant's issues, we must determine whether Appellant waived appellate review by failing to ensure that the certified record contained the notes of testimony from the September 27, 2021 PCRA hearing. The Commonwealth argues that it is Appellant's duty to ensure a complete record before this Court, and the absence of the PCRA hearing transcript warrants waiver. *See* Commonwealth's Brief at 7-8. The Commonwealth concedes, however, that this Court "could potentially reach the merits if it relies on the findings of the [PCRA] court and documents submitted as exhibits[.]" *Id.* at 8.

Our Rules of Appellate Procedure require an appellant to request a transcript of any proceeding essential to the consideration of his or her appeal. *See* Pa.R.A.P. 1911(a) ("The appellant shall request any transcript required under this chapter in the manner … prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration."). While Pa.R.A.P. 1911(c) provides the general form for a request for transcript, Pa.R.J.A. 4007 requires all transcript requests to be set forth on a standardized form that must be filed with a district court administrator or other enumerated entities. ***Compare***

Pa.R.A.P. 1911(c), **with** Pa.R.J.A. 4007. This Court may only consider materials within the certified record to resolve issues on appeal; therefore, where an appellant fails to properly request a transcript necessary for resolution of a claim, that claim must be deemed waived for the purpose of appellate review. **See Commonwealth v. Houck**, 102 A.3d 443, 456 (Pa. Super. 2014); **see also** Pa.R.A.P. 1911(d) (authorizing an appellate court to "take such action as it deems appropriate" including dismissing the appeal, when an appellant fails to request required transcripts).

The certified record does not contain the notes of testimony for the September 27, 2021 PCRA hearing. Our review reveals, however, that counsel for Appellant requested a hearing transcript within the notice of appeal. **See** Notice of Appeal, 10/18/21; **see also** Pa.R.A.P. 1911(c) (setting forth the format for a request for transcript that "may be endorsed on, incorporated into, or attached to the notice of appeal[.]"). A transcript request within a notice of appeal, while compliant with Pa.R.A.P. 1911, does not comport with the requirements of Pa.R.J.A. 4007, which refers to the use of a standardized form provided by the Court Administrator or a form prepared by the judicial district and approved by the Court Administrator.[6] For this reason, it appears

---

[6] We hasten to note that PCRA counsel clearly understood the proper procedure, as he utilized the correct standardized form to request several transcripts at an earlier juncture in this case. **See** Request for Transcripts, 8/2/21.

that Appellant's transcript request did not result in the transcription of the PCRA hearing.

Notwithstanding Appellant's failure to follow certain procedures in requesting the PCRA hearing transcript, we decline to find that waiver is appropriate. The certified record includes the notes of testimony and exhibits from Appellant's guilty plea, the exhibits introduced at the PCRA hearing, and the PCRA court's detailed recitation of the testimony elicited at the PCRA hearing within its September 30, 2021 opinion. Accordingly, we conclude that, in the circumstances of this case, the certified record is sufficient to allow meaningful review of Appellant's claims despite the absence of the PCRA hearing transcript. Therefore, we will address the merits of Appellant's claims.

> In reviewing the grant or denial of PCRA relief, an appellate court considers whether the PCRA court's conclusions are supported by the record and free of legal error. Moreover, the factual findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given deference. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made.
>
> *    *    *
>
> [An appellate court] will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. [The reviewing court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

***Commonwealth v. Flor***, 259 A.3d 891, 910-911 (Pa. 2021) (quotation marks, citations, and corrections omitted).

In his first issue, Appellant argues that plea counsel's ineffectiveness caused him to enter an invalid guilty plea. Specifically, he contends that plea counsel failed to explain to him the terms of the plea agreement or the applicable sentencing guidelines.[7] Appellant's Brief at 9.

> In order to obtain relief based on an [ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Trial counsel is presumed to be effective, and [an a]ppellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.
>
> The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. Allegations of ineffectiveness in connection with the entry of a guilty plea will

_____

[7] Within his first issue, Appellant also states plea counsel was ineffective because a PSI report was not presented to the trial court. ***See*** Appellant's Brief at 9. Appellant did not present argument on this claim with pertinent discussion, references to the record, or citations to supporting legal authorities. Consequently, he waived this aspect of his claim. ***See Commonwealth v. Reid***, 235 A.3d 1124, 1191 n.35 (Pa. 2020) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted). We further note that the certified record establishes that Appellant waived the introduction of a PSI report, that the court imposed a negotiated sentence, and that the facts ordinarily included within a PSI report were placed upon the record prior to sentencing. Under these circumstances, Appellant has not shown how he was prejudiced by plea counsel's alleged error since he has not demonstrated how any proceeding would have been different if a PSI report had been presented.

serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

[Central] to the question of whether a defendant's plea was entered voluntarily and knowingly is the fact that the defendant know[s] and understand[s] the nature of the offenses charged in as plain a fashion as possible. A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. Thus, a trial judge and, by extension, plea counsel is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing.

***Commonwealth v. Barndt***, 74 A.3d 185, 191- 193 (Pa. Super. 2013)

(cleaned up; quotation marks and citations omitted). Moreover,

[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\*　　\*　　\*

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\*　　\*　　\*

A defendant who elects to plead guilty has a duty to answer questions truthfully. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citations omitted). "The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Commonwealth v. Timchak***, 69 A.3d 765, 770 (Pa. Super. 2013) (internal citations and brackets omitted).

Instantly, Appellant entered extensive documentation in connection with his guilty plea. Appellant signed three separate documents specifying the terms of the plea agreement, including the charges, elements of each charge, maximum penalties, and standard range of the sentencing guidelines. ***See*** Guilty Plea Form, 8/11/20; Guilty Plea Explanation of Defendant's Rights, 8/11/20; Rule 590(B) Disposition, 8/11/20. Appellant confirmed at his plea hearing that he discussed the above information with plea counsel, fully understood the charges contained in his plea, and was satisfied with the representation of plea counsel. ***See*** Guilty Plea Explanation of Rights, 8/11/20, at 4, 6, and 10. Furthermore, at the plea hearing, Appellant acknowledged that he completed the aforementioned documents, went over the same with his attorney, and had no questions. ***See*** N.T. Plea/Sentencing Hearing, 8/11/20, at 5-6. Moreover, he responded affirmatively to the trial court's question, "[d]o you understand the plea agreement, which you've entered into with the [district attorney's] office?" ***Id.*** at 7-8.

Based on the foregoing, we conclude that Appellant entered a knowing, voluntary, and intelligent guilty plea. Appellant is bound by the statements he made during his oral and written guilty plea colloquies and may not now contradict those statements to seek relief. *See Yeomans*, *supra*. Accordingly, the PCRA court did not err in denying Appellant's petition on this claim.

Appellant next argues that plea counsel was ineffective in failing to file a number of requested post-sentence motions. Appellant's Brief at 15. Specifically, Appellant argues that he requested plea counsel to challenge the trial court's denial of a suppression motion, a Rule 600 motion, and the court's ruling on a change of venue request. *Id.*

At the PCRA hearing, Appellant testified that he asked to withdraw his guilty plea since the day he entered it. *See* PCRA Court Opinion, 9/30/21, at 5. Plea counsel testified, however, that Appellant did not voice any request on the day of his plea. *Id.* at 4. The PCRA court credited plea counsel's following testimony:

> Following sentencing, [plea counsel] indicated that he received two letters[8] from [Appellant]; however, neither was dated, and [counsel] cannot recall when he obtained either. The first referenced being sentenced to "42-84 months on paper, but he only sentenced me to 30-84 months in court." Because [Appellant] was factually incorrect, [plea counsel] did not take any action. In his second letter, [Appellant] requested a sentence

---

[8] Both letters from Appellant to plea counsel are included within the certified record as Commonwealth Exhibit No. 4 and Commonwealth Exhibit No. 5 of the September 27, 2021 PCRA hearing.

- 10 -

modification to attend Peniel, a local 13-month inpatient drug and alcohol treatment program. However, [plea counsel] likewise deemed said request non-meritorious, as [Appellant] had received a state incarceration sentence, thus depriving the [trial c]ourt of jurisdiction to send [Appellant] to Peniel.

*Id.* at 4-5 (record citation omitted). The PCRA court thus concluded:

[Appellant] criticizes [plea counsel's] failure to file post-sentence motions or direct appeal. However, [plea counsel] could not recall specifically being requested to file either. In fact, in the two items of correspondence from [Appellant] received post-sentence, [Appellant does not make such a request]. Moreover, as discussed *supra*, and as testified to by [plea counsel], because both letters contained factual inaccuracies, he did not act upon either. Overall, we find that [Appellant] is simply dissatisfied with the length of his closed sentence, and is now attempting to have same lessened. Thus, [Appellant's] allegation of ineffectiveness in this regard must [] fail.

*Id.* at 7 (record citation omitted).

Appellant's issue merits no relief. As the PCRA court opined, Appellant failed to demonstrate that he specifically asked plea counsel to file a post-sentence motion or direct appeal. Even if he properly requested such filings, Appellant failed to demonstrate the arguable merit of the claims he purported to raise. "[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and [] the legality of the sentence imposed." *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018) (citation and quotation marks omitted). None of the challenged motions affect the jurisdiction of the court, validity of Appellant's plea, or legality of Appellant's sentence. Consequently, plea counsel cannot be held ineffective for failing to

- 11 -

raise a meritless issue. ***Commonwealth v. Montalvo***, 204 A.3d 274, 286 (Pa. 2019).

In his final issue, Appellant claims that the PCRA court erred in denying his request for credit for time served. ***See*** Appellant's Brief at 18. Where a PCRA petitioner challenges the legality of a trial court's failure to award credit for time served while imposing sentence, such claim is cognizable under the PCRA. ***See Commonwealth v. Perry***, 563 A.2d 511, 513 (Pa. Super. 1989). In contrast, where the "alleged error is thought to be the result of an erroneous computation of a sentence by the [Department] of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court[.]" ***Id.*** at 512-513.

Within his appellate brief, Appellant frames his argument as a challenge to the trial court's failure to award credit for time served. ***See*** Appellant's Brief at 18-19 (citing legal authority involving trial court's failure to award credit for time spent in custody prior to sentencing). This argument is contrary to the argument Appellant developed in his amended PCRA petition.[9] ***See*** Amended PCRA Petition, 9/13/21, at 8. In his amended PCRA petition, Appellant averred "that he never **received credit** for time served" and requested that the PCRA court "direct the [r]ecords [o]ffice at the Cambria

---

[9] Moreover the record belies Appellant's argument. The trial court awarded Appellant credit for time served at sentencing. ***See*** N.T. Plea/Sentence Hearing, 8/11/20, at 13 (trial court including credit for time served within its sentence); Sentence Order, 8/11/20 (same).

County Prison **to recalculate his time served** [] to determine whether or not **he properly received his credit**." ***Id.*** (emphasis added). Clearly, Appellant's grievance is the calculation of his time, and the proper venue for his claim is with the Commonwealth Court. ***Perry, supra***. Thus, the PCRA court properly denied Appellant's PCRA claim in this regard.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2022