J-S15040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL COLON | : | |
| | : | |
| Appellant | : | No. 2418 EDA 2021 |

Appeal from the PCRA Order Entered October 27, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002033-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL COLON | : | |
| | : | |
| Appellant | : | No. 2419 EDA 2021 |

Appeal from the PCRA Order Entered October 27, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0004401-2004

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED OCTOBER 13, 2022**

Angel Colon ("Colon") appeals from the order dismissing his *pro se* petition for clarification or correction of his judgment of sentence. We vacate and remand for further proceedings.

We briefly summarize the following relevant factual and procedural history. In 2005, Colon pleaded guilty to corrupt organizations[1] at docket number 2033-04 and three counts of delivery of a controlled substance[2] at docket number 4401-04. Colon later moved to withdraw his guilty plea. The trial court denied the motion and sentenced him to an aggregate of twenty to fifty years of imprisonment. This Court affirmed Colon's judgment of sentence on direct appeal, and Colon did not petition for allowance of appeal with our Supreme Court. The trial court reinstated Colon's right to petition our Supreme Court for allowance of appeal following his first Post Conviction Relief Act ("PCRA")[3] petition, and our Supreme Court denied the petition on November 6, 2008. Colon filed several PCRA petitions between 2009 and 2015, all of which the PCRA court dismissed. In 2018, Colon filed a motion for time credit, which the court construed to be a PCRA petition and dismissed without a hearing. This Court affirmed. *See Commonwealth v. Colon*, 216 A.3d 409 (Pa. Super. Apr. 22, 2019) (unpublished memorandum).

On August 25, 2021, Colon filed a *pro se* "Petition for Clarification and/or Correction of the Sentence in the Nature of 'Credit for Time Served', [sic] *Nunc*

---

[1] *See* 18 Pa.C.S.A. § 911(b)(3).

[2] *See* 35 P.S. § 780-113(a)(30).

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

*Pro Tunc*." In his petition, Colon asked the trial court to correct the sentencing judge's "non-calculation of credit time in custody." **See** Petition, 8/25/21, at 1 (unnumbered). Colon further alleged that his co-defendant, also originally sentenced in 2005, had received credit for time served following a similar petition in 2020. **See** *id*. at 1-2 (unnumbered). The trial court treated Colon's petition as an untimely PCRA petition and, pursuant to Pennsylvania Rule of Criminal Procedure 907, issued a notice of intent to dismiss the petition on September 23, 2021. Colon filed a response to the court's Rule 907 notice, in which he maintained that, in his petition, he had "asked [the court] to clarify whether his time in custody would be credited toward his sentence . . .." Response, 10/14/21, at 2.[4] The trial court nevertheless concluded Colon's petition was an untimely PCRA petition and dismissed it without a hearing on October 27, 2021. **See** Order, 10/27/21. The trial court declined to acknowledge Colon's assertion that he was seeking a clarification of his sentence; nor did the court address Colon's assertion that his co-defendant had recently filed the same petition and received relief. Colon filed timely

---

[4] Colon conceded that should the court clarify that his sentence included no credit for time served, he would be challenging the legality of his sentence. **See** Response, 10/14/21, at 2. Colon again claimed his co-defendant had filed a similar petition in 2020, which the court granted. **See** *id*. at 3.

notices of appeal, and both he and the trial court complied with Pennsylvania

Rule of Appellate Procedure 1925.[5]

Colon raises the following issues for our review:

1. Whether[,] where [Colon] filed a petition for clarification and/or correction of the sentence in the nature of "credit for time served[,]" which the . . . trial court treated as [his] sixth PCRA petition, where [Colon's] alleged error was thought to be attributable to ambiguity in the sentence imposed by the trial court (writ of *habeas corpus ad subjiciendum*)[,] it was an abuse of discretion for the trial court to determine that it lacked subject matter jurisdiction where it granted jurisdiction to [Colon's] co-defendant and award[ed] credit [for] time served?

2. Whether[,] where [Colon] filed a petition for clarification and/or correction of the sentence in the nature of "credit for time served" (writ of *habeas corpus ad subjiciendum*)[,] which the trial court improperly characterized as a motion for time credit[,] and treated as [Colon's] sixth [PCRA] petition cognizable under the [PCRA], it was an abuse[] of discretion to deny [his] request to amend [the petition] contained in his [Rule] 907(1) notice response, so [as] to prove an exception unde[r] 42 Pa.C.[S].A. § 9545(b)(1) to the jurisdictional time limitation[,] where a writ of *habeas corpus ad subjiciendum* may not be used to circumvent the [PCRA's] time-bar limitation[,] when [Colon] challenge[d] the legality of a trial court's alleged[] [f]ailure [to] award credit for time served[,] as required by law[,] in imposing a sentence[,] [but] award[ing] credit [for] time[-]served to his co-defendant under the same circumstances?

3. Whether the trial court erred in determining [that] . . . there are no genuine issues concerning any material facts, that [Colon] is not entitled to PCRA relief[,] and . . .holding [that] a hearing would serve no purpose?

_____

[5] Colon filed a Rule 1925(b) statement, though the trial court did not order him to file one. The trial court then filed a responsive Rule 1925(a) opinion.

Colon's Brief at 4 (unnecessary capitalization omitted, italics added).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

The PCRA is intended to be the sole means of achieving post-conviction collateral relief. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013).[6] "Issues that are cognizable under the PCRA must be raised in

---

[6] Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

a timely PCRA petition and cannot be raised in a *habeas corpus* petition." ***Id***. at 466. Therefore, the PCRA is "the exclusive vehicle for obtaining post-conviction collateral relief . . . regardless of the manner in which the petition is titled." ***Commonwealth v. Hromek***, 232 A.3d 881, 884 (Pa. Super. 2020) (internal citation and quotations omitted) (noting that the PCRA generally "encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*") (italics added); ***see also Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007) (explaining that regardless of how a petition filed after a judgment of sentence is titled, courts must treat it as a PCRA petition if it seeks relief contemplated by the PCRA).

A challenge to the "***legality*** of a trial court's alleged failure to award credit for time served as required by law in imposing sentence" is cognizable under the PCRA. ***Commonwealth v. Perry***, 563 A.2d 511, 513 (Pa. 1989) (emphasis in original; internal citation omitted). However, "[i]f . . . the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed." ***Id***. at 513 (internal citation omitted). ***Accord Commonwealth v. Wyatt***, 115 A.3d 876, 879 (Pa. Super. 2015) (distinguishing the different types of claims a prisoner may make regarding credit for time served and the appropriate mechanism for each claim).

Colon argues in his first issue that the trial court erred in concluding it lacked jurisdiction to entertain his petition for clarification and/or correction of his sentence. He maintains his sentence is ambiguous because it does not account for the time he spent in custody prior to sentencing, while his similarly situated co-defendant received credit for time served. Believing this "was attributable to ambiguity in the sentence imposed by the [t]rial [c]ourt, . . . he sought [an explanation] for the discrep[a]ncy" by filing a petition for clarification and/or correction of the sentence. Colon's Brief at 13. Colon argues that, under *Perry*, his claim was not a challenge to the legality of his sentence, and therefore it was not cognizable under the PCRA. He accordingly maintains that the trial court erred by treating the petition as a PCRA petition rather than a writ of *habeas corpus ad subjiciendum*. *Id*. at 13-14.

The trial court reasoned that Colon raised a challenge to the legality of his sentence, and thus, his petition was cognizable under the PCRA, and therefore subject to the PCRA's timeliness requirement. *See* Trial Court Opinion, 11/29/21, at 6. The trial court explained that since Colon's petition was untimely under the PCRA, and he failed to plead an exception to the jurisdictional time-bar, the court lacked jurisdiction to entertain the petition. The court thus concluded it correctly dismissed the petition. *See id*. at 7-8.

Following our review, we determine the trial court committed an error of law in treating Colon's petition for clarification and/or correction as a PCRA

petition. Colon filed a petition seeking "clarification and/or correction" of his sentence based on the trial court's "non-calculation" of his credit for time served in custody prior to sentencing. **See** Petition, 8/25/21, at 1 (unnumbered). The trial court nevertheless concluded the petition was cognizable under the PCRA and filed a Rule 907 notice of intent to dismiss. Colon then again explained in his response to the Rule 907 notice that he was asking the court to "clarify whether his time in custody would be credited towards his sentence," given the matter had not been addressed in his case, while his co-defendant had recently received relief in the form of credit for time served. **See** Response, 10/14/21, at 2.[7] Notwithstanding Colon's response, the trial court again concluded Colon's petition was an untimely PCRA petition and dismissed it on jurisdictional grounds. **See** Order, 10/27/21, at 1-2 n.1. However, because Colon's petition was not a challenge to the legality of his sentence, it was not cognizable under the PCRA, and therefore not subject to the jurisdictional time-bar. The trial court therefore committed an error of law by construing Colon's petition as a challenge to the legality of his sentence, concluding it was thus an untimely PCRA petition, and

---

[7] Our review of the transcript from the sentencing hearing reveals that the matter of credit for time served was not addressed, which lends credence to Colon's claim that his sentence was ambiguous. **See generally** N.T., 4/7/06. We are unable to find the sentencing sheet in the certified record.

then dismissing the petition on jurisdictional grounds. Accordingly, we vacate the order dismissing Colon's petition and remand for the trial court to resolve the ambiguity in Colon's sentence, namely, to determine whether Colon's sentence includes credit for time served in custody prior to sentencing. ***See Perry***, 563 A.2d at 513; ***Wyatt***, 115 A.3d at 879.[8]

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Murray joins in this decision.

Judge Nichols concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 10/13/2022

---

[8] Because we vacate and remand based on Colon's first issue, we need not reach the merits of his second and third issues.